Filed 7/14/25  P. v. Card CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C101270 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR2023-2626, CR2024-400) |
| v. | |
| JEFFREY WENDELL CARD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeffrey Wendell Card filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to Card, we will affirm the judgment.  As detailed below, the trial court is directed to prepare a corrected abstract of judgment.

1

*Case No. CR2023-2626*

On August 20, 2023, Card assaulted the victim with a deadly weapon, and the victim sustained great bodily injury. The victim's cell phone was damaged. The damage exceeded $400.

The complaint filed August 29, 2023, charged Card with assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4); count 1)[2] with an enhancement that Card personally inflicted great bodily injury (§ 12022.7, subd. (a)), criminal threats (§ 422; count 2), assault with a deadly weapon (§ 245, subd. (a)(1); count 3), and vandalism (§ 594, subds. (a), (b)(1); count 4). The complaint further alleged, based on a 2018 burglary conviction (§ 459), that Card suffered a prior strike conviction (§ 667, subds. (c), (e)(1)) and a prior serious felony conviction (§ 667, subd. (a)(1)). The complaint also alleged aggravating factors under California Rules of Court, rule 4.421 for sentencing purposes.

*Case No. CR2024-400*

On January 30, 2024, Card fled from police in a stolen vehicle. The officers were driving marked patrol vehicles with forward-facing red lights and sirens activated during Card's evasion. Card drove with reckless disregard for community safety and committed three or more moving violations. After fleeing the vehicle, Card was found to be in possession of a firearm. Card was prohibited from owning a firearm based on his prior felony convictions.

The complaint filed February 2, 2024, charged Card with vehicle theft (Veh. Code, § 10851, subd. (a); count 1), evading a peace officer with reckless driving (Veh. Code,

---

[1]    We take the factual background from the stipulated factual basis for Card's plea agreements.

[2]    Undesignated statutory references are to the Penal Code.

§ 2800.2, subd. (a); count 2), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 3), possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1); count 4), and resisting an executive officer by threats, force, or violence (Pen. Code, § 69; count 5).  The complaint further alleged Card's prior strike conviction (Pen. Code, § 667, subds. (c), (e)(1)) and that he was released on bail or his own recognizance at the time of the current offenses (Pen. Code, § 12022.1, subd. (b)).  The complaint also alleged aggravating factors under California Rules of Court, rule 4.421 for sentencing purposes.

*The Plea Agreements*

On March 25, 2024, Card entered into plea agreements to resolve these cases.

In case No. CR2023-2626, Card pled no contest to count 3 for a stipulated middle term sentence of three years and to count 4 for one-third the middle term of eight months. Card admitted the prior strike, doubling the stipulated terms and resulting in an aggregate state prison term of seven years four months.  Card also admitted he served a prior prison term as an aggravating factor in sentencing.  The balance of the complaint was to be dismissed in the interest of justice.

In case No. CR2024-400, Card pled no contest to count 2 for a stipulated sentence of one-third the middle term of eight months and count 3 also for one-third the middle term of eight months, both terms to run consecutive to the sentence in case No. CR2023-2626.  Card again admitted the prior strike, doubling the stipulated terms, as well as the on-bail enhancement adding two years consecutive, resulting in an aggregate state prison term of four years eight months.  Card also admitted he served a prior prison term as an aggravating factor in sentencing.  All other charges were to be dismissed as part of the plea bargain.

The total aggregate state prison term to be imposed in both cases was 12 years.

*Sentencing*

On April 22, 2024, in case No. CR2023-2626, the trial court sentenced Card as contemplated in the plea agreement. The court awarded Card four actual days and four conduct days of custody credit. The court imposed the minimum mandatory fines and assessments. All other counts and enhancements were dismissed.

On the same day in a separate proceeding in case No. CR2024-400, the trial court sentenced Card as contemplated in the plea agreement. The court imposed the minimum mandatory fees and assessments. The court awarded 84 actual days and 84 conduct days of custody credit.

The court imposed an aggregate term of 12 years in both cases.

Card filed a timely notice of appeal in both cases. Card did not request a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Card was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Card has not filed a supplemental brief.

Appointed counsel points out, and our review confirms, that the amended abstract of judgment filed February 6, 2025, contains an error in the description of Card's conviction on count 3 in case No. CR2024-400. Count 3 is correctly identified by code section (§ 29800, subd. (a)(1)) but the description of the crime—"Poss. ammunition by person prev. convicted of felony"—is erroneous. Violation of section 29800, subdivision (a)(1) involves possession of a firearm by a felon. We will direct the trial court to correct the February 6, 2025, abstract of judgment.

4

**DISPOSITION**

The judgment is affirmed. The trial court is directed to prepare an abstract of judgment correcting the description of the crime of which Card was convicted from possession of ammunition by a person previously convicted of a felony to the crime of possession of a firearm by a person previously convicted of a felony. The trial court is further ordered to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
BOULWARE EURIE, J.


_____/s/_____
MESIWALA, J.